*James L. O'Neill,* for plaintiff. *Gerald J. Pouliot,* Asst. City Solicitor, for defendants.

March 18, 1975.

M. P. No. 75-70. IN THE MATTER OF THOMAS F. FARRELLY. On October 10, 1974, the United States Attorney for the district of Rhode Island filed a criminal information charging the respondent with wilfully and knowingly failing to make income tax returns for the calendar years 1970 and 1971, to the District Director of Internal Revenue for the Internal Revenue District of Providence, in the District of Rhode Island, or to any other proper office of the United States, in violation of Section 7203, Internal Revenue Code; 26 U.S.C., Section 7203.

On February 10, 1975, the United States Attorney filed an order in the United States District Court for the District of Rhode Island, dismissing the count of the information dealing with the calendar year 1970.

On February 10, 1975, respondent, a member of the bar of this state since May 19, 1965, appeared in the United States District Court for the District of Rhode Island, and pleaded guilty to the count of the information charging him with wilfully and knowingly failing to make an income tax return for the calendar year 1971. He was sentenced on his plea of guilty and committed to the custody of the Attorney General or his authorized representative for a period of four months and he was fined the sum of $1,000. The respondent has paid the fine and surrendered himself to the Attorney General on the 28th day of February 1975.

By letter dated February 11, 1975, respondent requested an interview with this court "for the purpose of waiving my rights under the rules of said Court as it applied to attorneys practicing in the State of Rhode Island." On March 13, 1975, respondent appeared before us in chambers and expressly waived

all benefit of the investigatory and prosecutional procedures provided by our rules in matters such as this.

Under our cases wilfully and knowingly failing to file income tax returns and receiving sentence therefor, even though the offense is only a misdemeanor, is unprofessional conduct and calls for disciplinary action. The respondent does not ask that we depart from, and we see no valid reason why we should depart from the high standard of conduct heretofore prescribed by this court. Since respondent has breached that standard, the case calls for disciplinary action.

This brings us to a consideration of the nature and extent of the disciplinary action which should be imposed in this case. The respondent, who is now 42 years of age, is married and the father of three minor children. He has, at all times prior to this case, enjoyed an excellent reputation in his native city of Providence both as a member of the bar of this state and a private citizen. He has been active in civic and religious activities.

After considering the respondent's previous good conduct, as well as his age, his previous respected career at the bar, and his civic and religious activities, it is nonetheless our judgment, because of the high standard of conduct demanded of members of the bar, that he be suspended from engaging in the practice of law in this state beginning on the date of the entry of this order, until further order of this court. He may, however, upon a satisfactory showing of compliance in good faith with this order and proof that he has discharged his federal income tax liabilities, apply for reinstatement on and after November 15, 1975.

Entered as an Order of Court this 18th day of March 1975. Mr. Justice Kelleher did not participate.